**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Pain Management Technologies, Inc.** | **Case No.  1:25-cv-00796** |
| **Plaintiff,** | |
| **-vs-** | |
| | **JUDGE PAMELA A. BARKER** |
| **Protocol Solutions, LLC et al.,** | |
| **Defendants.** | **MEMORANDUM OPINION & ORDER** |

Currently pending before the Court is Plaintiff Pain Management Technologies, Inc.'s ("Plaintiff") Motion for Leave to File Second Amended Complaint ("SAC") (the "Motion"). (Doc. No. 18.)[1] Defendants Protocol Solutions LLC, Branson Healing Arts, and Nerve Reviver (collectively "Defendants") filed their Opposition on September 19, 2025, and Plaintiff filed its Reply on September 26, 2025.  (Doc. Nos. 19, 20.)  For the following reasons, the Motion is DENIED.

## I.     Procedural History

On April 21, 2025, Plaintiff filed its Complaint asserting the following claims against Defendants (1) copyright infringement under 17 U.S.C. § 501 *et. seq.* (Claim 1); (2) common law trademark infringement (Claim 2); and (3) unfair competition under federal and Ohio law (Claim 3). (Doc. No. 1.)  On July 18, 2025, Defendants filed their Motion to Dismiss Pursuant

---

[1] Throughout its pleadings, Plaintiff refers to itself as "NerveSpa."  *See, e.g.,* (Doc. No. 57 at ¶¶ 27, 30-32, 36-37, 57-59, 72-74, 77); (Doc. No. 18-2 at ¶¶ 27, 30-32, 36-37, 59-61, 76-77, 80.)

to Federal Rule of Civil Procedure 12(b)(6) asserting that the Complaint failed to state a claim. (Doc. No. 12.)

On August 18, 2025, Plaintiff filed a First Amended Complaint ("FAC").  (Doc. No. 15.) Therein, Plaintiff added additional facts but also alleged three new claims: (1) trade dress infringement under the Lanham Act, 15 U.S.C. § 1125(a) (Claim 4); (2) false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a) (Claim 5); and (3) deceptive trade practices under R.C. 4165.02 (Claim 6).  (Doc. No. 15.)  Additionally, Plaintiff represents that "[t]his [FAC] is being filed in response to the Defendants' motion to dismiss filed on July 18, 2025."  *See* (*id*. at PageID # 114 n. 1.)

The following day, this Court issued a non-document Order.  Therein, the Court found that "Plaintiff's deadline to file its Amended Complaint as a matter of course elapsed twenty-one (21) days after Defendants filed their Motion to Dismiss," and ordered Plaintiff "to file a Motion for Leave to File an Amended Complaint Instanter by 8/22/25."  *See* Non-Doc. dated Aug. 19, 2025.

Then, on August 20, 2025, Plaintiff filed its Motion for Leave to Have Amended Complaint Deemed Filed *Instanter*.  (Doc. No. 16 at PageID # 160.)  The following day, this Court granted that motion and designated the FAC as the operative complaint in the action.  *See* Non-Doc. dated Aug. 21, 2025.  In a subsequent order, the Court then denied Defendant's Motion to Dismiss as moot.  *See id*.

On August 29, 2025, Defendants filed their Unopposed Motion for Extension of Time to file their answer or respond to the FAC.  (Doc. No. 17.)  Therein, Defendants indicated that while they were required to file their responsive pleading by September 2, 2025, they recently learned

that Plaintiff intended to seek leave to file a SAC.  (*Id*.)  Defendants represent that the parties were "unable to reach agreement on that amendment" and explained that "because Plaintiff's proposed [SAC], like its FAC, asserts nearly identical causes of action to Plaintiff's original complaint, Defendants anticipate they will have to oppose its entry based on pleading deficiencies."  (*Id*.)  Defendants argued that under these circumstances it would be "far more efficient" to suspend their answer date to the FAC until after Plaintiff's anticipated motion for leave to file a SAC was filed, briefed and decided by this Court.  (*Id*.)  The Court agreed with Defendants, stayed Defendants' deadline to answer or otherwise respond to the FAC, and ordered that if Plaintiff intended to file a motion for leave to file a SAC, it should do so by September 8, 2025.  *See* Non-Doc. dated Aug. 29, 2025.

On September 5, 2025, Plaintiff filed the instant Motion.  (Doc. No. 18.)  On September 19, 2025, Defendants filed their Opposition to which Plaintiff replied on September 26, 2025.  (Doc. Nos. 19, 20.)  Accordingly, the Motion is ripe for review.

## II.     Background

### A.  Factual Allegations in the FAC[2]

The FAC sets forth the following allegations.  Plaintiff's relationship with Defendants "started years ago when the Defendants were a customer of Plaintiff."  (*Id*. at ¶ 17.)  Plaintiff "designs, manufactures, and sells innovative therapeutic devices for nerve-centered care." (Doc. No. 15 at ¶ 23.)  "Defendants bought products from the Plaintiff and even had the Plaintiff do a private label line for the Defendants for a period of time."  (*Id*. at ¶ 18.)  Through this relationship,

---

[2] The FAC is the operative complaint in the action.  *See* Non-Doc. dated Aug. 21, 2025.

Defendants "learned the Plaintiff's know-how and trade secrets and were in receipt of the Plaintiff's marketing materials."  (*Id*. at ¶ 19.)

As time went on, Defendants "began to strategically copy the Plaintiff's product line and business model."  (*Id*. at ¶ 20.)  Defendants' product line is called Nerve Reviver.[3]  (*Id*. at ¶ 39.) Defendants then began "reaching out to the Plaintiff's overseas manufacturer and requested that the product be made for them."  (*Id*. at ¶ 21.)  "Defendants then used the Plaintiff's goodwill in their marketing efforts by comparing their 'technology' to the Plaintiff's."  (*Id*. at ¶ 22.)

### 1. Defendants' Copyright and Trademark Infringements and Other Deceptive Trade Practices

"Plaintiff also owns valid copyrights in certain original works," which "are original and fixed in a tangible medium, and they contain creative expression beyond mere factual listings." (*Id*. at ¶¶ 28-29.)  "Defendants, without authorization, have copied, reproduced, displayed, and distributed NerveSpa's copyrighted works in connection with the sale of competing products." (*Id*. at ¶ 30); *see also* (*id*. at ¶ 49.)  "[C]ertain acts of infringement occurred after the effective date of NerveSpa's copyright registrations."  (*Id*. at ¶ 31.)  "Defendants are not authorized in any way to sell their infringing products or to use the copyrighted materials owned by the Plaintiff." (*Id*. at ¶ 49.)

### a. NerveSpa Product Image

In their marketing efforts, Defendants misused an image of Plaintiff's product as seen below:

---

[3]  Nerve Reviver is a named Defendant in the action.  However, Defendants argue in their Opposition that Nerve Reviver is "a non-existent entity."  (Doc. No. 19 at PageID # 250.)



(*Id.* at ¶ 39.)  Plaintiff does not allege that it owns the copyright to the image shown above.

### b.  NerveSpa Research Summary

Plaintiff alleges that its "entire nerve spa research summary is copyrighted."  (*Id.* at ¶ 41.) This "'Research Summary' document" "is used to market and explain the therapeutic benefits of its products."  (*Id.* at ¶ 28.)  Attached as Exhibit 1 to the FAC is the certificate of registration for United States Copyright Number TX 9-472-854 entitled "[n]erve spa research summary" (the "'854 copyright").  (Doc. No. 15-1.)  The '854 copyright has an effective date of registration of February 3, 2025 and a registration decision date of February 27, 2025.  (*Id.*)

Defendants copied "Plaintiff's nerve spa research summary and included it in their product disclosures marketed with their product."[4]  (Doc. No. 15 at ¶ 40.)  "Defendant's marketing materials, verbatim, are copies of the Plaintiff's copyrighted materials."  (Doc. No. 15 at ¶ 44.)

### c.  NerveBeam Wrap Product Image

---

[4] A copy of Defendants' Nerve Reviver research summary is attached as Exhibit 2 to the FAC.  (Doc. No. 15-2.)

"Defendants have used an image of the Plaintiff's LED light wrap on every one of the Defendants' user's instructions," which "is a copyrighted image used without permission." (*Id.* at ¶ 45.)  That image is depicted below:



(*Id.*)

### d.  The Term "Aquatic Nerve Stim"

"Defendants have also misused the term 'aquatic nerve stim,' which is a term coined by the Plaintiff and has repeatedly been used by the Plaintiff in its marketing of its products." (*Id.* at ¶ 46.)  "Plaintiff has common law trademark rights to the term and has sought registration of the term on the trademark register." (*Id.*)  As support, Plaintiff includes the following image in the FAC:

6



(*Id*. at ¶ 47.)

### 2. Defendants' Trade Dress Infringement, Engagement in Unfair Competition, and Other Deceptive Trade Practices

Plaintiff has "invested substantial time, money, and resources in developing its product line, brand identity, marketing materials, and trade dress." (*Id*. at ¶ 25.) "Plaintiff's trade dress includes the distinctive combination of design elements, color schemes, product configurations, packaging, and marketing presentation that identify their products as originating from a single source." (*Id*. at ¶ 25.) "These trade dress elements are non-functional because they serve to identify the source of the goods and distinguish them from others, rather than to make the product work better or cheaper." (*Id*. at ¶ 26.) "Plaintiff's trade dress has acquired secondary meaning through extensive advertising, promotion, and sales, such that consumers associate the appearance and overall impression of NerveSpa's products with a single source—Plaintiff and/or NerveSpa." (*Id*. at ¶ 27.)

"Defendants have also adopted, used, and sold products in packaging and marketing materials that are confusingly similar to NerveSpa's trade dress." (*Id*. at ¶ 32.)  Plaintiff asserts

that "Defendants' conduct is likely to cause confusion, mistake, or deception as to the source, sponsorship, or affiliation of Defendants' products." (*Id*. at ¶ 33.) "Defendants have made false and misleading representations of fact in commercial advertising and promotion, including misrepresentations about the nature, characteristics, and qualities of their products." (*Id*. at ¶ 34.) "Defendants' acts constitute passing off, palming off, and other acts of unfair competition that involve extra elements beyond copyright infringement, avoiding federal preemption." (*Id*. at ¶ 35.)

### B. Factual Allegations in the SAC

Plaintiff attaches a copy of the SAC and its proposed exhibits to the Motion. (Doc. No. 18-2.) Plaintiff adds Exhibit 3, which includes the certificate of registration for the following copyrighted image:



(Doc. No. 18-1 at PageID # 185; Doc. No. 18-2 at ¶ 46.) As pictured above, United States Copyright Number VA 2-455-544 (the "'544 copyright") is titled "NerveBeamWrap2." (Doc.

No. 18-1 at PageID # 180.)  The '544 copyright has an effective date of registration of April 5, 2025 and a registration decision date of August 5, 2025.  (*Id.*)

The proposed SAC includes additional allegations that Plaintiff "owns a copyright for its LED nerve wrap images and visual arts (Ex. 3.)[,]"  "Defendants have misused the Plaintiff's materials without permission, and they have done so for a commercial purpose," and "Defendants have infringed, at least, the '544 copyright and the '854 copyright."   (*Id.* at ¶¶ 55–56, 63.)

### III.    Standard of Review

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, if amending the complaint is 'futile,' the court need not grant a motion to amend.  *See Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "An amendment is futile when, after including the proposed changes, the complaint still 'could not withstand a Rule 12(b)(6) motion to dismiss.'"  *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022) (quoting *Rose v. Harford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).  In other words, when a defendant opposes a plaintiff's motion to amend under Rule 15 as futile, the court looks to the "substance of the proposed amendment" to determine if the proposed amended complaint could withstand a Rule 12(b)(6) motion to dismiss.  *See Beydoun*, 871 F.3d at 469 (quoting *Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002)).

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'formulaic recitation

of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). For purposes of Rule 12(b)(6), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted).

The measure of a Rule 12(b)(6) challenge — whether the Complaint raises a right to relief above the speculative level — "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n*., 528 F.3d 426, 430 (6th Cir. 2008) (quoting in part *Twombly,* 550 U.S. at 555–56). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting in part *Erickson v. Pardus*, 551 U.S. 89 (2007)). Nonetheless,

10

while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

## IV. Analysis

In the Motion, Plaintiff seeks leave to file a SAC since it "recently became aware that one of their pending copyright applications became registered with an effective registration date relating back to the copyright's application date of April 5, 2025." (Doc. No. 18 at PageID # 174.) Plaintiff "requests leave to amend simply to assert the '544 copyright as an additional claim." (*Id.* at PageID # 175.) In their Opposition, Defendants generally argue that this Court should deny the Motion because it is futile. (Doc. No. 19 at PageID # 241.) Defendants assert that each claim raised in the SAC fails to state a claim and would not survive a Rule 12(b)(6) challenge. (Doc. No. 19 at PageID # 241.) In its Reply, Plaintiff asserts that Defendants' Opposition "does not identify delay, bad faith or prejudice and instead, "primarily focuses on sufficiency challenges—arguments more appropriate for a later motion." (Doc. No. 20 at PageID # 252.) Plaintiff argues that (a) "futility arguments are disfavored at the amendment stage"; (b) the SAC clarifies Plaintiff's claims; and (c) Defendants fail to raise any argument that Plaintiff delayed, acted in bad faith, or would prejudice them by filing the SAC. (*Id.* at PageID #s 253-54.)

The Court agrees with Defendants, but for a different reason not raised in the briefing. Put simply, under Supreme Court precedent, a plaintiff cannot maintain a copyright claim if its copyright is registered *after* the lawsuit is filed. The Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until

preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). "[A]lthough an owner's rights exist apart from registration, . . . registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019). And for purposes of 17 U.S.C. § 411(a), the Supreme Court in *Fourth Estate* held that "'registration ... has been made' within the meaning of 17 U.S.C. § 411(a) not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application." *Id*. at 309. Thus, "on a motion to dismiss for failure to state a claim, § 411(a)'s pre-suit registration requirement is satisfied so long as [the] plaintiff establishes a facially plausible claim that registration was obtained prior to bringing suit." *Cincom Sys. Labware, Inc.*, 2021 U.S. Dist. LEXIS 31945, at *5 (S.D. Ohio Feb. 22, 2021) (citing cases); *accord Artisan Estate Homes, LLC v. Hensley Custom Bldg. Grp., LLC*, 2021 U.S. Dist. LEXIS 92842, at *6 (S.D. Ohio May 17, 2021) ("To move forward on a copyright infringement claim, the claimant must have obtained copyright registration prior to bringing suit pursuant to 17 U.S.C. § 411(a).").[5]

To illustrate, in *Rawls v. Paradise Artists, Inc.*, plaintiff, the widow of a recording artist, Lou Rawls, and sole trustee of the Lou and Nina Rawls Trust (the "Trust"), brought a suit against

---

[5] As the district court in *Bureau Fashion Week LLC v. Nataliya Nova LLC* explained, while some districts courts "have allowed an amendment to add newly asserted copyright claims that matured after the initial complaint," in those cases, the copyright claims "were *not* included in the initial complaint." 2025 WL 720992, at *2 (D. Nev. Mar. 5, 2025) (citing *Lickerish Ltd. v. Maven Coal., Inc.*, 2021 WL 3494638 at *1 (C.D. Cal. Jan. 29, 2021); and *Philips North America LLC v. KPI Healthcare, Inc.*, 2020 WL 3032765, at *3 (C.D. Cal. Jan. 24, 2020)). Here, Plaintiff attempted to bring an action for copyright infringement before the '544 copyright was registered, *see* (Doc. No. 1 at ¶ 29.), so those cases are inapposite.

defendants for copyright infringement and other claims "for the unauthorized use of three works: (1) *Seasons 4 U*, an album recorded by Mr. Rawls in 1998; (2) *Rawls Sings Sinatra*, an album recorded by Mr. Rawls in 2003; and (3) a collection of photographs taken by photographer Bonnie Schiffman in 2003 in connection with the *Rawls Sings Sinatra* album ('the 2003 photographs')."  2020 WL 1493610, at *1 (M.D. Tenn. Mar. 27, 2020).  Defendants filed a motion to dismiss under 12(b)(1) for lack of subject matter jurisdiction and a motion to dismiss under 12(b)(6) for failure to state a claim.  *Id*. at *3.

When faced with the question as to what it must "do upon finding that only two of the three works at issue in [the] lawsuit satisfy section 411(a)'s registration requirement," the district court in *Rawls* dismissed the action without prejudice.[6]  There, the plaintiff filed her complaint on May 2, 2018.  *Rawls v. Paradise Artists, Inc.*, Case No. 3:18-0417 (M.D. Tenn. May 2, 2018) (Doc. No. 1).  "Mr. Rawls registered the copyright for the *Rawls Sings Sinatra* album in 2003."  *Rawls*, 2020 WL 1493610, at *1.[7]  "Copyright registration for the 2003 photographs was completed and issued to Mr. Rawls on June 10, 2004."  *Id*. at *2.  However, "[c]ounsel for

---

[6] The district court in *Rawls* acknowledged that it had previously granted plaintiff's motion to amend and allowed her to add the third copyright.  *Id.* at *6, n. 9.  However, the court noted that it was "not clear that all the holdings relied upon in resolution of the motion to amend remain good law, at least as they pertain to the registration requirement, and particularly considering the substantial body of law that has developed following *Fourth Estate*" and "more importantly,  in ruling on the motion to amend, the [c]ourt expressly noted that it was not deciding [d]efendants' argument that [p]laintiff's amendment was futile because of continuing defects in copyright registration."  *Id.*

[7] The 2003 photographs became property of the Trust in March 2005, but counsel for plaintiff did not register the copyright for *Seasons 4 U* and *Rawls Sings Sinatra* in the name of the Trust until November 1, 2018.  *Rawls*, 2020 WL 1493610, at *1,4.  However, as the district court explained, Plaintiff was not required to register the photographs in the name of the Trust before bringing suit.  *Id.* at *4 ("[S]ection 411(a) does not require that the party bringing the infringement claim be the same individual or entity that registered the work.")

13

[p]laintiff obtained copyright registration for the *Seasons 4 U* album in [p]laintiff's name on July 24, 2018, almost three months after the instant lawsuit was commenced." *Id*. at *1.

The plaintiff "concede[d] that she did not obtain copyright registration of *Seasons 4 U* until after commencement of the lawsuit but note[d] that numerous courts have held that submission of an amended complaint after registration is completed alleviates any pleading deficiencies." *Id*. at *5.  The district court pointed out that the cases the plaintiff cited in support predated the Supreme Court's decision in *Fourth Estate* whereas the cases decided after the Supreme Court's decision held "that an amended complaint cannot fix the defect caused by a claimant's failure to obtain copyright registration prior to filing suit." *Id*. (collecting cases). The district court adopted the holdings of its sister courts and found that the plaintiff's "post-complaint registration of *Seasons 4 U* fail[ed] to comply with 17 U.S.C. § 411(a)." *Id*.

*Rawls* is not an outlier.  For example, a court in this District denied a plaintiff leave to amend his complaint under similar circumstances because "allowing a [p]laintiff to amend its complaint to satisfy the registration requirement of the Copyright Act would run contrary to the Supreme Court's interpretation of § 411(a)." *Stringer v. Richard*, 2022 WL 3223800, at *2 (N.D. Ohio Aug. 10, 2022) (collecting cases); *see also Bureau Fashion Wk. LLC v. Nataliya Nova LLC*, 2025 WL 720992, at *3 (D. Nev. Mar. 5, 2025) ("However, courts have explained that [a] plaintiff cannot cure its failure to meet the preconditions set forth in 17 U.S.C. § 411(a) by amending its pending complaint") (cleaned up); *Ambrosetti v. Oregon Cath. Press*, 458 F. Supp. 3d 1013, 1020 (N.D. Ind. 2020) ("[A]llowing leave to amend the complaint undermines the Supreme Court's holding of *Fourth Estate*."); *Mai Larsen Designs v. Want2Scrap, LLC*, 2019 WL 2343019, at *6 (W.D. Tex. June 3, 2019) ("To adopt [plaintiff's] reasoning the Court would

14

have to hold that *Fourth Estate* allows a plaintiff to file a lawsuit before copyright registrations have been awarded and to amend the pleadings after registration is obtained, so long as the effective date (i.e., the date of application) predates the filing of the lawsuit. The Court cannot square this argument with the holding of *Fourth Estate*."); *Malibu Media, LLC v. Doe*, 2019 WL 1454317, at *2 (S.D.N.Y. Apr. 2, 2019) ("Plaintiff's argument would make a meaningless formality out of *Fourth Estate*'s requirement that an application be approved prior to filing suit. Were it correct, a plaintiff could file suit at any time, notwithstanding Section 411(a)'s precondition, and simply update the complaint when registration finally occurred.")

Here, Plaintiff moves to amend its pleading "to assert the '544 copyright as an additional claim." (Doc. No. 18 at PageID # 175.)  Plaintiff attaches as proposed Exhibit 3 to its proposed SAC a copy of the '544 copyright and in its proposed SAC, Plaintiff adds references to it in its factual allegations and its section on the copyright claim. (Doc. No. 18-2 at ¶¶ 46, 55.)  However, *Fourth Estate* bars Plaintiff from "assert[ing] the '544 copyright as an additional claim." (Doc. No. 18 at PageID # 175.)  Plaintiff filed this lawsuit on April 21, 2025. (Doc. No. 1.)  The '544 copyright bears an effective date of registration of April 5, 2025 and a registration decision date of August 5, 2025. (Doc. No. 18-1 at PageID # 180.)  Thus, the '544 copyright was registered nearly four months after Plaintiff filed this lawsuit.  *See Fourth Estate*, 586 U.S. at 309.  And because it was registered late, Plaintiff is barred under *Fourth Estate* from asserting claims under the '544 copyright in this lawsuit.

For all these reasons, amending the FAC to add claims related to the '544 Copyright would be futile.  Because Plaintiff seeks leave to file its proposed SAC primarily to add allegations concerning the '544 Copyright, the Court declines to address Defendants' arguments

that the remaining claims in the SAC are futile.  Defendants are free to raise those arguments in their response to the FAC.  The Court therefore denies the Motion.

### V.      Conclusion

For the reasons set forth above, the Court denies the Motion.  Defendants shall file their answer or response to the FAC within fourteen days (14) from the date of this Order.  Barring the impact of any statutes of limitations, Plaintiff is free to raise allegations related to Defendants' alleged violation of the '544 copyright claim in a new lawsuit, but it may not circumvent § 441(a)'s registration requirement by adding that claim here.

**IT IS SO ORDERED.**

   _s/Pamela A. Barker_
PAMELA A. BARKER
Date:  April 27, 2026                                            U. S. DISTRICT JUDGE

16